UNTIED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CR03-00519DAE-01 |
| DOUGLAS KEOLA GONSALVES, | ) ) ) |
| Defendant. | ) |

## MOTION TO ALTER OR AMEND JUDGMENT

Comes now the defendant, Douglas Keola Gonsalves, pro se, pursuant to Federal Rules of Civil Procedure, Rules 60(b)(2) and 59(e), to modify his sentence in accordance with the United States Sentencing Commission Guidelines, §6B1.4(c), and states the following in support thereof:

## STATEMENT OF FACTS

The defendant was charged with POSSESSION WITH INTENT TO DISTRIBUTE 5 GRAMS OR MORE OF METHAMPHETAMINE, in violation of 21 U.S.C. §841(a) and 841(b)(1)(B), a Class B felony.

The defendant plead guilty to the charged offense on June 2, 2006, before the Honorable David Alan Ezra, United States District Judge, who imposed an 87 month term of imprisonment to be followed by 5 years of supervised release.

The defendant is currently confined at the Federal Correctional Institution (FCI) in Phoenix, Arizona, and has a projected release date of April 6, 2010.

## ARGUMENT

During the sentencing hearing conducted on June 2, 2006, there was an extensive discussion by both the Government and defense counsel as to the length of the sentence to be imposed. The Court declined to impose a shorter prison term because the Court stated, on the record, that the defendant would be eligible to participate in the Bureau of Prisons (BOP) 500 Hour Residential

Drug Treatment Program, commonly referred to as RDAP. The Court stated that the defendant would be eligible for the one (1) year sentence reduction for successfully completing the RDAP program, pursuant to 18 U.S.C. §§3621(b) and 3621(e)(2)(B).

The defendant was interviewed for the RDAP program in May, 2008, and was told that he could take the program but would not be eligible for the one (1) year sentence reduction. This adverse decision by the BOP has effectively undercut the spirit and intent of the plea agreement and the expressed oral intent of this Court as stated in the United States Sentencing Commission Guidelines §6B1.4(c). The BOP refusal to grant the 12 month sentence reduction undermines this Court's expressed plea agreement stipulated with the defendant. Further, this newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

The defendant has remained drug free during his incarceration and has completed several courses through the Adult Continuing Education Program and Chemeketa Community College, where he earned 12 hours of credit. (See Attached Certificates).

## CONCLUSION

WHEREFORE, premises considered, the defendant moves this Court to amend his judgement and reduce his sentence by 12 months to reflect the agreement at sentencing to receive the one (1) year sentence reduction for completion of the Residential Drug Treatment Program. The defendant further agrees to any aftercare treatment this Court deems proper and beneficial for the defendant to remain drug free upon release. IT IS SO PRAYED.

Dated this  /6  June, 2008.

Respectfully Submitted,

Douglas Keola Gonsalves #84252-022
FCI - Phoenix
37910 N. 45th Ave.
Phoenix, Arizona  85086

## CERTIFICATE OF SERVICE

I, Douglas Keola Gonsalves, do hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, this _17_ day of June, 2008, addressed to: Edward H. Kubo, Jr.
United States Attorney
PJKK Fed. Bldg., Rm. 6-100
300 Ala Moana Blvd.
Honolulu, HI.  96850

_____
Douglas Keola Gonsalves