ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII |
| Plaintiff, ) | JUL 14 2008 |
| vs.  ) Case No. CR 03-00519 DAE | at 2 o'clock and 40 min __ M. SUE BEITIA, CLERK |
| DOUGLAS KEOLA GONSALVES, ) | |
| Defendant. ) | |

### TRAVERSE OF PLAINTIFF'S OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT

Comes now the Defendant, Douglas Keola Gonsalves, pro se, and in response to Plaintiff's memorandum in opposition of his Motion to Alter or Amend Judgment, states the following:

A sentence should clearly reveal the court's intention concerning the punishment to be inflicted, **U.S. v. Daugherty**, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309 (1926), and clearly communicate to the defendant the exact nature of the sentence. While a sentencing judge does not have a duty to make an explicit, articulated analysis of any of the statutory sentencing factors, and need not specify the relative importance of each fact on which it relies in making a sentencing determination, the Court herein stated that defendant's sentence was determined on him receiving a year sentence reduction for the drug program (RDAP) and six (6) months in a halfway house. The benefit of any doubt should be resolved in the defendant's favor. **Downey v. U.S.** 91 F.2d 223 (App.D.C. 1937). The meaning of a sentence is determined by its content, and, the court's intention should not be sought through evidence outside of the record.

The Court herein made it perfectly clear that the Defendant was to receive 87 months because he would receive a one (1) year reduction for completing the RDAP program and six (6) months in a halfway house.

A sentence is illegal under a rule permitting the correction of an illegal sentence at any time if it is inconsistent with the oral pronouncement of the sentence. Fixing a judgment so that it accurately reflects the original sentence does not modify the sentence, and hence falls outside the statute, 18 U.S.C. §3582(c), restricting the authority of district courts to alter sentences after their imposition. **U.S. v. Smith**, 438 F.3d 796 (7th Cir.2006). The Court did not leave it to the discretion of the BOP to determine if he received the one year sentence reduction. It was part of the court's determination of sentence that the Defendant would receive the one year reduction for completing the drug program (RDAP) and six months halfway house. Fixing the judgment to accurately reflect the original sentence does not modify the sentence.

**WHEREFORE**, premises considered, the Defendant moves this Court to fix his sentence to reflect the sentence the Court intended and stated at the time of his original sentencing. IT IS SO PRAYED.

Dated this 7 day of July, 2008.

Respectfully Submitted,

*Douglas K Gonsalves*
Douglas Keola Gonsalves #84252-022
FCI - Phoenix
37910 N. 45th Ave.
Phoenix, AZ. 85086

2.

CERTIFICATE OF SERVICE

    I, Douglas Keola Gonsalves, do hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, this  7th  day of July, 2008, addressed to:

Loretta Sheehan
Assistant U.S. Attorney
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii  96850

ATTORNEY FOR PLAINTIFF

_____
Douglas Keola Gonsalves

3.