IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00519 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS KEOLA GONSALVES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion to Alter or Amend Judgment.

BACKGROUND

On June 2, 2006, Defendant pled guilty pursuant to a plea agreement to one count of Possession with Intent to Distribute 5 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). Defendant was sentenced to 87 months in prison with five years of supervised

release.  At sentencing, the Court recommended that Defendant enroll in a 500-hour drug treatment program, along with medical treatment, mental health treatment, and vocational training, while incarcerated.  On June 23, 2008, Defendant Douglas Keola Gonsalves, *pro se*, filed the instant motion pursuant to the Federal Rules of Civil Procedure 60(b)(2) and 59(e).  (Doc. # 91.)  On June 30, 2008, the Government filed its opposition to the instant motion.  (Doc. # 92.)  On July 14, 2008, Defendant filed a Traverse of the Government's Opposition[1].  (Doc. # 93.)

## DISCUSSION

Defendant argues that the Court made a specific ruling at sentencing which directed that he be accepted into the Bureau of Prisons ("BOP") 500-Hour Residential Drug Treatment Program ("RDAP") and that he would be eligible for a one-year sentence reduction based on his completion the RDAP.  Defendant argues that in May 2008, when he interviewed for the RDAP program, the BOP stated that Defendant, while eligible for the RDAP program, was not be eligible for the one-year sentence reduction after the completion of the program.  Defendant claims that this decision by the BOP "effectively undercut[s] the spirit and intent of the plea

---

[1] Defendant's Traversal will be construed by this Court as a reply to the Government's Opposition.

agreement and the expressed oral intent of this Court." (Def. Mot. at 2.)  Defendant brought this instant motion pursuant to Federal Rules of Civil Procedure 59 and 60.

The Government argues that the Federal Rules of Civil Procedure do not apply in criminal cases.  The Government also argues that this is not a motion pursuant to 28 U.S.C. §2255 because Defendant is not challenging the validity of his sentence.  Additionally, the Government argues the BOP used their discretion in declining to give Defendant a one-year sentence reduction, and that the plea agreement did not include a reduction in sentence for completion of the 500-hour RDAP.  Further, the Government argues that this Court is not bound by the plea agreement and there was no violation of the plea agreement.

This Court does not need to address the applicability of the Federal Rules of Civil Procedure in this instant case.  Even if Federal Rule of Civil Procedure 59(e) did apply, it requires that any motion requesting that the Court revisit its judgment must be filed within ten days of entry.  Defendant's sentencing hearing took place on June 2, 2006.  Defendant filed this instant motion on June 23, 2008, well outside the ten-day window allowed by Federal Rule of Civil Procedure 59(e).  Therefore, Defendant's motion is untimely under Rule 59(e).

Defendant next appears to be arguing that the BOP's denial of the one-year sentence reduction for the completion of the RDAP constitutes new

evidence, and therefore, his sentence should be altered or amended based upon Federal Rule of Civil Procedure 60(b)(2) to reflect the "expressed plea agreement" as to his participation in the RDAP and the one-year sentence reduction.  Even if applicable, Federal Rule of Civil Procedure 60(b)(2) allows the court to grant relief from a final judgment only in the following five specific instances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct on an adverse party; (4) the judgment is void; and (5) satisfaction, discharge or release of judgment.  Federal Rule of Civil Procedure 60(b)(2) applies to new evidence discovered that might change the outcome of a trial.  The BOP's decision does not effect the outcome of the trial, therefore, Federal Rule of Civil Procedure 60(b)(2) does not apply.

Defendant may be trying to make a claim under 28 U.S.C. § 2255 based on the BOP's decision not to give Defendant the one-year reduction after completion of the RDAP.  However, this claim fails because this Court does not have the authority to direct the BOP that Defendant should receive the one-year reduction.  Under 18 U.S.C. § 3621 (e)(2)(B), the BOP has the authority and discretion to determine whether a prisoner qualifies upon completion of the RDAP for a sentence reduction.  Because sentence reductions are applied at the discretion of the BOP, this Court at the Defendant's sentencing merely recommended the

RDAP drug program and advised Defendant of a possible sentence reduction. This Court did not direct the BOP to apply the sentence reduction. Therefore, Defendant's possible claim under 28 U.S.C. § 2255 fails.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Alter or Amend Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 28, 2008.



_____
David Alan Ezra
United States District Judge

USA v. Douglas Keola Gonsalves, CR No. 03-00519 DAE; ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT