ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 11 2008

at _11_ o'clock and _20_ min. _A_ M
SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CR. No. 03-00519  DAE |
| ) | |
| DOUGLAS KEOLA GONSALVES, ) | |
| ) | |
| Defendant. ) | |

**APPLICATION FOR CERTIFICATE OF APPEALABILITY
and/or NOTICE OF APPEAL**

Comes now the Defendant, Douglas Keola Gonsalves, pro se, pursuant to 28 U.S.C. §2253(c) and Rules 3 and 4 of the Federal Rules of Appellate Procedure, the defendant gives Notice of Appeal and seeks a Certificate of Appealability with respect to issues raised in his Petition to Alter or Amend Judgment and states the following in support thereof:

1.) Defendant intends to raise the following issues on appeal to the United States Court of Appeals for the Ninth Circuit:

A.) The District Court erroneously claimed that the Federal Rules of Civil Procedure do not apply in criminal cases. Fed.R.Crim.P. 57(b) provides that in the absence of a procedure specified by rule, the court may proceed "in any lawful manner not inconsistent with these rules or with any applicable statute." **U.S. v. Ruggiero**, 476 F.3d 558, 564 (8th Cir.2007). The District Court abused its discretion when it contended that it lacked the procedure to correct or amend its judgment and it is clear that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

B.) The District Court abused its discretion by failing to amend or alter the Defendant's sentence in light of the totality of the reasoning used to determine the defendant's sentence. Once the sentence is selected, the district court must explain it sufficiently to permit meaningful appellate review. A statement of reasons is required by statute, 18 U.S.C. §3553(c), and furthers the proper administration of justice. **U.S. v. Carty**, 520 F.3d 984 (9th Cir.2008)(quoting **Rita v. U.S.**, 551 U.S. ____, 127 S.Ct. ____, 168 L.Ed.2d 203 (2007)). (stating that "[c]onfidence in a judge's use of reason underlies the public trust in the judicial institution"). An explanation communicates that the defendant's arguments have been heard, and that a reasoned decision has been made. The Defendant at sentencing argued for a sixty (60) month sentence. The judge in imposing a sentence of eight-seven (87) months reasoned that the defendant would get twelve (12) months off for completion of the 500-hour drug treatment program and six (6) months halfway house. The district court need not tick off each of the §3553(a) factors to show that it has considered them. However, when a defendant raises a specific, nonfrivolous argument tethered to a relevant §3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the defendant's position. **Rita**, 127 S.Ct. at 2468. The abuse of discretion standard applies to all sentencing decisions, whether the sentence is inside the Guidelines range or outside of it. **Gall v. U.S.**, ____ U.S. ____, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Even though the District Court lacks the authority to order the Bureau of Prisons to give the defendant the twelve (12) month sentence reduction and six (6) month halfway house, when his degree of variance for a sentence is based on these facts and they become erroneous and substantively unreasonable. Hence, the district court's

failure to consider a §3553(a) factor may render defendant's sentence procedurally unreasonable. **U.S. v. Houston**, 529 F.3d 743 (6th Cir.2008). It is clear that reasonable jurists could debate whether the district court abused its discretion by not altering or amending the judgment in light of the fact that even though the defendant completes the 500-hour drug program he would not receive the twelve (12) month sentence reduction or the six (6) month halfway house. The petition could have been resolved in a different manner or the issues presented were "adequate to deserve encouragement to proceed further." **Slack v. McDaniel**, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

The standard for determining when a Certificate of Appealability is warranted was recently explained by the Supreme Court in **Miller-El v. Cockrell**, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). As the Court noted:

> "Our opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with §2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.' Internal citation omitted. While a prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his part. Internal citation omitted. We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition of habeas corpus. Indeed a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. Internal citation omitted."

Defendant respectfully asserts that he raises factual and legal claims of a constitutional magnitude and that he has "demonstrated that his petition involves issues which are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are adequate

to deserve encouragement to proceed." 537 U.S. at 330. For the foregoing reasons, a Certificate of Appealability is warranted and should be issued.

Dated this 4 day of August, 2008.

Respectfully Submitted,

*(signature)*
Douglas Keola Gonsalves #84252-022
Federal Correctional Institution
37910 N. 45th Ave.
Phoenix, AZ. 85086

PETITIONER/APPELLANT PRO SE

STATE OF ARIZONA    )
                    )  SS.
COUNTY OF MARICOPA  )

I, Douglas Keola Gonsalves, declare under the penalty of perjury that the foregoing is true and correct. Also, I hereby certify that a true and correct copy of the foregoing was placed in prison officials hands on this 4 day of August, 2008, for deposit in the United States Mail to the following:  Clerk of the Court
United States District Court
District of Hawaii
300 Ala Moana Blvd., C-338
Honolulu, Hawaii 96850-0338

and

Edward H. Kubo, Jr.
U.S. Attorney
PJKK Fed. Bldg., Rm. 6-100
300 Ala Moana Blvd.
Honolulu, Hawaii 96850

*(signature)*
Douglas Keola Gonsalves

4.