IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00519 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS KEOLA GONSALVES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S REQUEST
FOR A CERTIFICATE OF APPEALABILITY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting memoranda, the Court DENIES Defendant's request for a certificate of appealability.

BACKGROUND

On June 2, 2006, Defendant pled guilty pursuant to a plea agreement to one count of Possession with Intent to Distribute 5 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). Defendant was sentenced to 87 months in prison with five years of supervised

release.  At sentencing, the Court recommended that Defendant enroll in a 500-hour drug treatment program, along with medical treatment, mental health treatment, and vocational training, while incarcerated.

On June 23, 2008, Defendant Douglas Keola Gonsalves, *pro se*, filed a Motion to Alter or Amend Judgment pursuant to the Federal Rules of Civil Procedure 60(b)(2) and 59(e).  (Doc. # 91.)  Defendant argued that this Court should direct that he be accepted into the Bureau of Prisons ("BOP") 500-Hour Residential Drug Treatment Program ("RDAP") and that he be given a one-year sentence reduction based on his completion of the RDAP.  This Court denied that motion on July 28, 2008.  (Doc. # 94.)  This Court held that to the extent Defendant brought his motion pursuant to Federal Rules of Civil Procedure 59 and 60, his motion was untimely under Rule 59, and did not meet any of the criteria necessary to bring a motion under Rule 60.  This Court also noted that Defendant had not brought his motion pursuant to 28 U.S.C. § 2255 and he had not challenged the validity of his sentence.[1]  However, to the extent Defendant was

---

[1] 28 U.S.C. § 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

attempting to do so, this Court held that his claim failed because pursuant to 18 U.S.C. § 3621(e)(2)(B), this Court does not have the authority to direct the BOP to reduce Defendant's sentence by one-year based upon his completion of the RDAP.

Defendant filed the instant motion on August 11, 2008, requesting that this Court grant him a certificate of appealability.  (Docs. # 95, 96.)

STANDARD OF REVIEW

A petitioner must specifically request a COA as to each issue that he or she wishes to appeal, and a court may not consider on appeal any issue not specified in a COA.  See Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999) (citing 28 U.S.C. § 2253(c)).  "If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate."  United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).  Upon filing a notice of appeal, a district judge who renders the judgment must issue a COA or state why such a certificate should not issue.  See Federal Rules of Appellate Procedure ("FRAP") 22(b)(1).

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The COA shall indicate which specific issues satisfy that "relatively low" standard.  See 28 U.S.C. § 2253(c)(3); Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002).  The

standard is satisfied when the "petitioner can 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further.'" Jennings, 290 F.3d at 1010 (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000).

## DISCUSSION

Defendant asserts that this Court erred by finding that the Rules of Civil Procedure did not apply in this case. Defendant is in err as this Court made no such ruling, and instead, considered Defendant's motion under those rules.

Defendant next argues that this Court abused its discretion by failing to amend his sentence. Defendant's argument fails. Defendant sought a reduction of his sentence asserting that this Court imposed an 87-month term of imprisonment because this Court believed that Defendant would receive a 12-month reduction after completing the RDAP. As stated in the previous order, this Court did not set the 87-month imprisonment term based upon an understanding that Defendant would receive a 12-month reduction by the BOP. Instead, as stated at both the sentencing and in the previous order, this Court merely recommended that Defendant be allowed to participate in the RDAP. Moreover, as stated in the previous order, it is the BOP who has the authority to determine how much time, if

any, that a prisoner's sentence may be reduced based upon participation in the RDAP.  See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."); see also Lopez v. Davis,  531 U.S. 230, 239 (2001) ("the Bureau 'may,' but also may not, grant early release").

## CONCLUSION

For the reasons stated above, to the extent Defendant brought his original motion pursuant to 28 U.S.C. § 2255, the Court DENIES Defendant's request for a certificate of appealability.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 2, 2008.



_____
David Alan Ezra
United States District Judge

USA v. Douglas Keola Gonsalves, CR No. 03-00519 DAE; ORDER DENYING DEFENDANT'S REQUEST FOR A CERTIFICATE OF APPEALABILITY